IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TYRONE JOE OLD ELK,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI BROTHERS AND JIM SALMONSEN,<br><br>Defendants. | Cause No. CV 25-8-H-DWM<br><br><br>ORDER |

Plaintiff Tyrone Joe Old Elk filed an Amended Complaint alleging a violation of his constitutional rights at Montana State Prison. (Doc. 8.) The documents on file appeared to show that Old Elk failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e *et seq*. Old Elk was directed to show cause why his case should not be dismissed. (Doc. 9.) He has responded. (Doc. 10.) His Amended Complaint is now dismissed.

It is apparent from the face of the Amended Complaint that Old Elk has failed to exhaust his administrative remedies. Old Elk included three grievance forms that show he did not grieve his issue of concern, that he was dismissed for racially-biased reasons. (Doc. 8 at 10 – 12.) In his response to the Order to Show Cause, he attaches the same grievances and contends they show that he exhausted

1

his grievances. (Doc. 10-1.) They do not advance his point, as discussed in the Court's prior Order. (Doc. 9 at 4 – 5.) He grieved, to conclusion, an issue that is not the issue he complains of in his Amended Complaint.

Old Elk further contends that the Prison Litigation Reform Act ("PLRA") does not require him to plead exhaustion, and thus, there is no authority to use Old Elk's failure to exhaust as a reason to screen and dismiss his Amended Complaint. (Doc. 10.) Old Elk is correct that the PLRA does not require a plaintiff to plead exhaustion. The Court's prior Order said exactly that, quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, when failure to exhaust is apparent from the face of the Complaint, it may be dismissed on that ground. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *see Meador v. Pleasant Valley State Prison*, 333 Fed. Appx. 177, 178 (9th Cir. 2009) ("Sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust and, thus, fails to state a claim upon which relief can be granted.") (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)); 28 U.S.C. § 1915A(b)(1).

Old Elk has not responded substantively to the dispositive issue, that he never provided Defendants an opportunity to address the gravamen of his claim, racial bias. He allowed them to address an irrelevant issue, whether Old Elk could

be kicked out of a class for being late or disruptive. That is not the constitutional claim he makes, and thus, exhausting it was insufficient.

> We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

*Jones v. Bock*, 549 U.S. 199, 219 (2007). By not raising the issue of racial bias in his grievances, Old Elk did not give the prison an opportunity to address the issue before being subjected to suit.

Though Old Elk was not required to say anything about exhaustion, having done so, and established that he did not exhaust, the PLRA does not require the Court to allow the litigation to proceed pointlessly. Defendants would move to dismiss immediately based on this identical argument. Old Elk was given an opportunity to respond and show why the Court's analysis was inaccurate, and he has failed to do so.

## III. CONCLUSION

Old Elk's Amended Complaint shows that he failed to exhaust his administrative remedies, and thus, his Complaint is barred by the PLRA.

Accordingly, it is HEREBY ORDERED:

1. Old Elk's Amended Complaint is DISMISSED. The Clerk of Court is directed to close the case.

2.      The Court certifies that appeal of this matter would not be taken in good faith.

DATED this 8th day of May, 2025.

_____
Donald W. Molloy, District Judge
United States District Court

4